ROBERTSON, Presiding Judge.
The issue in this case is as follows: Whether ink and newsprint purchased at wholesale and withdrawn from inventory or stock for use in producing or printing newspapers which are distributed free are subject to sales tax pursuant to the “withdrawal for use” provisions of §§ 40-23-1(a)(6) and (10), Code 1975 (as amended).
This is the second time this issue has been before this court. In the case of Ex parte The Dothan Progress, 507 So.2d 515 (Ala.1987), the supreme court reversed this court and found that the aforementioned business transaction did not give rise to sales tax liability.
Once again, the Department of Revenue asserts that the withdrawal of ink and newsprint from inventory for use in producing newspapers which are distributed free is a transaction that is subject to sales tax, due to the 1986 amendment of §§ 40-23-l(a)(6) and (10), Code 1975. We disagree and adopt, in part, the language of the order of the trial court:
“Act No. 86-689 changed the statutory definitions of ‘gross proceeds of sale’ back to the same language adopted in a 1947 amendment and deleted the clarifying language inserted in Act No. 83-720. [The Dothan Progress] argues, and the court concurs, that Act No. 83-720 did not change the laws as set forth in the *1218 1947 amendment, rather Act No. 83-720 clarified the law which had been misconstrued by the Department of Revenue and the courts. The purpose of Act No. 83-720 is clearly stated in its title:
“ ‘An Act to further amend Section 40-23-1, Alabama Code 1975, as amended, which Section contains various definitions applicable to the Alabama Sales Tax, so as to clarify, and remove ambiguity from the definitions of “gross proceeds of sales”, “gross receipts” and “sale at retail or retail sale” and declaring that such clarification does not constitute a change in, but is declaratory of, the pre-existing law. (Emphasis added.)’
“Therefore, even though language was deleted from Section 40-23-1 by Act No. 86-689, the legislature expressly retained preexisting law.
“The Supreme Court of Alabama has explicitly recognized the original purpose of the withdrawal provisions:
“ ‘The withdrawal provisions were enacted solely to fill a void not theretofore covered by any existing provisions of the Alabama Sales Tax Law, that is, to tax a person who purchases goods at wholesale for the purpose of reselling and who withdrew some of these goods for his own personal and private use or consumption, without transfer of title. (Emphasis added.) Ex parte Morrison Food Service of Alabama, 497 So.2d 136, 138 (Ala.1936 [1986]).’
See Disco Aluminum Products Company, Inc. v. State, 455 So.2d [849] at 852 [citing Rabren v. United States Steel Corporation, 286 Ala. 394, 240 So.2d 358 (Ala.1970)], State v. Air Conditioning Engineers, Inc., 277 Ala. 675, 174 So.2d 315 (Ala.1965).
[[Image here]]
“The court finds that legislative intent with regard to Section 40-23-1, Code of Alabama 1975, has remained the same since 1947. Some cases decided between 1947 and 1983 were decided incorrectly based on the 1947 legislative intent, and this the supreme court recognized in Disco Aluminum.
“Further, the court finds that this very case has already been decided in favor of [The Dothan Progress] by the supreme court. Therefore, since the intent of Section 40-23-1 was not changed by Act No. 86-689 this court is bound by the law to decide in favor of [The Dothan Progress].”
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
RUSSELL, J., concurs specially.